NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JERROLD B. KNOEPFLER,<br><br>            Plaintiff,<br><br>    v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>            Defendants. | : : : : : : : : : : : : : : : : | **OPINION**<br><br>Civ. No. 01-5186 (WHW) |

**Walls, Senior District Judge**

Defendants move in limine for a determination that the maximum benefit available to plaintiff under the future increase option ("FIO") rider to his disability income insurance policy is $1,450. Defendants alternatively frame their motion as a request for summary judgment under Rule 56 of the Federal Rules of Civil Procedure or as a motion for judgment under Rule 50.

The Court grants defendants' motion. The Court determines that the maximum benefit available to plaintiff under the FIO rider is $1,450.

**BACKGROUND FACTS**

Plaintiff purchased an FIO rider as part of his disability policies. The rider, which was made part of Disability Policy No. G-709770, gives the insured the right to buy more disability income insurance in future years in spite of any changes to his health or occupation. The rider states that "the total increase option is shown in the schedule page. This is the maximum amount of monthly indemnity which you may buy under this rider on all option dates

combined.   Your option date each year is the policy anniversary."   (July 1, 2010 Pizzillo Cert., Ex. A., Form No. AR431-(87).)   The rider provides, as a condition and limitation:

> The monthly indemnity of the option plan, including any SIS benefit, may not exceed our published income rules for new insureds.   These rules limit the total insurance which we will issue in relation to earned income.   We will use the rules that applied on the date of issue of this policy, unless more liberal rules are then in effect.

(Id.)

On March 2, 1996, plaintiff wrote to Guardian and stated that he was "exercising his future increase option of 6250 per month in full."   (July 1, 2010 Pizzillo Cert., Ex. Q.) Guardian responded that plaintiff's disability policy "has been terminated for non-payment of the April 4, 1994 annual premium.   Since this policy is no longer in force, there is no option for you to exercise."   (July 1, 2010 Pizzillo Cert., Ex. R.)

Defendants now submit an affidavit by Greg Scileppi, employed by Guardian as a small business underwriting consultant.   Mr. Scileppi states that, at the time plaintiff submitted his 1996 application to exercise his FIO option, plaintiff was only eligible for a monthly FIO benefit of $1,450.   (Scileppi Aff. ¶ 6.c.)   Mr. Scileppi explains that he obtained this number because plaintiff's tax and financial documents show that plaintiff's 1992 total annual earnings, which he considered because the FIO rider "defines eligibility based on the insured's rate of earnings at the time of disability," were $205,372.00.   (Id. ¶ 4.)   Guardian's published income rules provided that an insured with Annual Earnings of $205,000 would have a total monthly indemnity limit of $7,700.   (Id. ¶ 6.b.)   Because the monthly indemnity benefit under plaintiff's 1990 Policy was $6,250.00, the FIO rider only permitted plaintiff to obtain an additional monthly indemnity payment of $1,450.   (Id. ¶ 6.c.)

In his opposition brief, plaintiff does not refute defendants' calculations.   Rather,

2

plaintiff argues that defendants "are attempting to have this Court make a factual determination as to the amount which the Plaintiff is entitled under the FIO.  This however is a factual determination that must be made by the jury after it has an opportunity to hear all the evidence presented regarding the FIO.  Accordingly, the Plaintiff should not be robbed of an opportunity to present to the jury all admissible evidence showing his entitlement to the full amount called for in the FIO.  The supporting documentation the Defendants relied on in making this motion is all evidence the jury will consider in making the determination.  Accordingly, the Defendants' motion should be denied because it is not a proper motion in limine, or in the alternative it raises a factual issue that should be left to the province of the jury."  (Pl. Opp'n 29.)  At oral argument, the Court asked plaintiff's counsel if he planned to present any evidence at trial to challenge defendants' calculations.  Plaintiff's counsel responded that he would rely on the policy.

## STANDARD OF REVIEW

Although courts generally refrain from rendering judgments as a matter of law on the eve of trial, it is proper for a court to render judgment where plaintiff has not alleged any facts to support a claim.  See Bradley v. Pittsburgh Bd. Of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) ("[T]he district court was not precluded from considering whether the complaint stated a claim, an issue which remains open up to the trial on the merits . . . . Thus, the judgment may be affirmed if there is no set of facts on which plaintiff could possibly recover.").  See also Bowers v. NCAA, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (finding that in limine motions asking for dispositive rulings may be considered up to trial where the motions involve "purely legal determinations regarding the availability of a claim or defense as a matter of law.").  A district court may sua sponte grant summary judgment on the day of trial where "two key requirements are satisfied.  First, the non-moving party must be on notice that the court is contemplating granting summary

judgment against it. Second, the non-moving party must have adequate time to marshal its evidence to show that there is a genuine issue of material fact". Howard Johnson Int'l v. Cupola Enters., LLC, 117 Fed. Appx. 820 (3d Cir. 1994).

## DISCUSSION

Plaintiff's counsel represented to the Court at oral argument that his request to recover an additional monthly indemnity of $6,250 under the FIO rider is only based upon the language in the Policy itself. This means that, according to plaintiff, his request depends solely upon the Court's interpretation of the contract, which is properly decided by a court as a matter of law. See Atlantic Racing Assoc. v. Sonic Fin. Corp., 90 F. Supp. 2d 497, 506 (D.N.J. 2000) ("The interpretation of a contract is a matter of law for the court.") (citing Fastenberg v. Prudential Ins. Co. of America, 309 N.J. Super. 415, 419 (App. Div. 1988)).

The Court finds that the language in the FIO rider does not support plaintiff's claim. The rider unambiguously states that the "monthly indemnity of the option plan . . . may not exceed [Guardian's] published income rules for new insureds" and that "[t]hese rules limit the total insurance which [Guardian] will issue in relation to earned income." (July 1, 2010 Pizzillo Cert., Ex. A.) Defendants have submitted an uncontested affidavit by an underwriting consultant at Guardian who states that applying the relevant published income rules would result in a maximum monthly indemnity of $1,450 per month to plaintiff under the rider. (See Scileppi Aff.) Plaintiff does not purport to have any evidence to challenge defendants' calculations. Plaintiff has also been put on notice by the Court that this motion will be decided as a matter of law near the beginning of trial. As a result, the Court deems it appropriate to render judgment as a matter of law in favor of defendants on this issue. The Court determines that the FIO rider does not permit plaintiff to recover a maximum monthly indemnity of more than $1,450.

## CONCLUSION

The Court grants defendants' motion for a determination as a matter of law that the maximum available coverage to plaintiff under his FIO Rider is $1,450.


July 13, 2010                                                              s/William H. Walls
                                                                                   United States Senior District Judge